IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-03802 |
| | ) | |
| CC INDUSTRIES, INC., RYAN STEWART, | ) | Judge Martha M. Pacold |
| ARTHUR FABRRO AND WILLIAM | ) | |
| CROWN, | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Henry Crown and Company S LLC, which has an assumed name of CC Industries (and which is misidentified in the caption as CC Industries, Inc.) (hereinafter "CCI" or the "Defendant"), by its undersigned attorneys, and in support of its motion to dismiss the complaint ("Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows[1]:

**INTRODUCTION**

After receiving multiple annual merit raises and tuition reimbursement from CCI for two separate college degrees, Plaintiff Nicole Carter resigned from her position as a Benefits Analyst at CCI on December 14, 2020. (Compl. at 8.) On March 24, 2021, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination that occurred (only) on the date she resigned. (Compl. at 8) (alleging that

---

[1] This motion is brought solely on behalf of CCI because the individually-named defendants have not been properly served. A separate Motion to Quash contesting that service has been filed on behalf of the individual defendants.

discrimination occurred from 12-14-20 to 12-14-20). The EEOC dismissed Plaintiff's Charge just 15 days after it was filed, on April 8, 2021. (Compl. at 7).

Plaintiff has filed this lawsuit claiming that she was discriminated against on the basis of race (black) under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("section 1981"), and sex (female) under Title VII. She now alleges that the discrimination began on or about November 6, 2020. (Compl. ¶ 6.)

This Court should dismiss Plaintiff's Title VII claims as untimely because the Complaint was filed more than 90 days after Plaintiff received her right-to-sue letter. In addition, the entire Complaint should be dismissed because it does not allege any "plausible" claim for relief. Even under the liberal pleading standards afforded *pro se* plaintiffs, the Complaint amounts, at most, to mere workplace griping, without articulating any facts suggesting actionable discrimination. Finally, her charge was filed more than 300 days after many of the events purportedly giving rise to her claims, which are thus barred from consideration. Therefore, this Court should dismiss the Complaint.[2]

## ARGUMENT

**A.     Plaintiff's Title VII Claims Are Time Barred.**

All of Plaintiff's claims under Title VII must be dismissed because they are time-barred. Plaintiff filed her Complaint on July 16, 2021—91 days after allegedly receiving the EEOC's Dismissal and Notice of Rights (which, in paragraph 8(b), she alleges she received on April 16,

---

[2] Even if the individual defendants are eventually properly served, any Title VII claims against them would be futile because "there is no individual liability under Title VII." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017). Also, any section 1981 claims against Mr. Crown would be futile because Plaintiff has not (and cannot) allege that he was "personally involved" in any actionable discrimination. *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 901 (N.D. Ill. 2011). Indeed, Mr. Crown is not referenced anywhere in the body of the Complaint, Plaintiff's narrative or her underlying EEOC Charge.

2021³). Under § 2000e–5(f)(1) of Title VII, a complaint must be filed within 90 days of receipt of such notice. *See, e.g., Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984) (where the Seventh Circuit affirmed dismissal of plaintiff's Title VII claims filed 91 days after receiving his right-to-sue letter). Here, as in *Anooya*, the Complaint was filed a day late, and therefore Plaintiff's Title VII claims should be dismissed with prejudice.

**B.      Any Claims Based on Events Occurring Prior to May 28, 2020 Are Time Barred.**

Many of the events that are discussed in the narrative attached to Plaintiff's Complaint (Compl.¶ 13) occurred more than 300 days prior to Plaintiff filing her charge on March 24, 2021 and thus are time barred. *See Hirlston v. Costco Wholesale Corp.*, No. 117CV04699TWPMPB, 2020 WL 6047913, at *4 (S.D. Ind. Oct. 13, 2020) (barring evidence or testimony about any allegations of discrimination that occurred prior to 300-day cutoff); *Swiech v. Gottlieb Mem'l Hosp.*, No. 98 C 5749, 2000 WL 343244, at *3 (N.D. Ill. Mar. 31, 2000) ("Because Swiech filed her EEOC charge on May 30, 1997, claims based on incidents occurring before August 3, 1996 are barred by the statute of limitations.").

Here, the relevant timeframe for alleged discriminatory actions runs from May 28, 2020 (the 300th day before she filed her Charge) to December 14, 2020 (the date she resigned). Consequently, allegations about events occurring prior to May 28, 2020 (such as the promotions of Messrs. Bellinder and Rumps in 2018 and claims related to performance reviews in 2019 or raises) must be stricken because "[a]ccusations of discriminatory conduct predating the 300-day cutoff are not relevant to this case." *Hirlston*, 2020 WL 6047913, at *4.

---

³ Defendant notes that the EEOC's Dismissal and Notice of Rights is dated April 8, 2021. (Compl. at 7.) Under the mailbox rule, and not counting weekends, Plaintiff would be presumed to have received that notice on April 13, 2021—three days *before* she states she received it. But even if Plaintiff's own date of receipt is credited, her Title VII claims are still untimely.

3

C. The Complaint Fails to Allege Any "Plausible" Claims.

Even if some or all of her claims were not time-barred as discussed in sections A and B *supra*, her Complaint should still be dismissed because it fails to allege any plausible claims. Taken as a whole, Plaintiff's complaint seems to be that she did not receive the career development she apparently wanted. Plaintiff admits, however, that after meeting with her supervisor regarding her development and advancement he agreed to provide her "with resources to expand and develop [her] role." (Compl. ¶ 13.) Plaintiff also admits she "was offered to participate in the tuition education program to help develop [her] career within CC Industries, Inc.," and indeed "obtained two degrees, an Associate Human Resource Management (2018) and a Bachelors in Business Management (2019)." (*Id.*) CCI's payment of her tuition for two degrees belies any inference of discrimination by the Company.

Plaintiff's meandering narrative regarding her personal development at the company is not a sufficient substitute for plausible allegations of unlawful discrimination. Plaintiff's Complaint must be scrutinized under the enhanced "plausibility" standard, as articulated in the *Twombly/Iqbal* line of cases. For a complaint to survive a motion to dismiss, its allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*). The Seventh Circuit has interpreted *Twombly* and *Iqbal* to require a plaintiff to "'provid[e] some specific facts' to support the legal claims asserted in the complaint, [including] enough details about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

While Defendant acknowledges that Plaintiff is *pro se*, even a *pro se* complaint can be dismissed under *Twombly* and *Iqbal*. *See Narvaez v. Wilmers*, No. 14-CV-10388, 2015 WL

4

1396477, at *3 (N.D. Ill. Mar. 24, 2015) (dismissing *pro se* complaint that was so sparse it "fails to adequately articulate the factual basis for any … claims because it falls below even the minimum standards of comprehensibility to which *pro se* complaints are held."). In *Navarez*, the Court noted that a *pro se* complaint will be "given a break only if it is otherwise understandable." *Id.* (internal quotations and citations omitted). Here, Plaintiff fails to meet that minimum pleading standard.

### 1. Incidents Occurring on or After November 6, 2020.

Plaintiff alleges that Defendant began to discriminate against her on November 6, 2020.[4] (Compl. ¶ 6). The only incidents she alleges occurred on or after that date are (1) she emailed her boss about her individual advancement at the company after an open position had been filled and (2) she resigned from her employment on December 14, 2020 due (presumably) to alleged discrimination by Defendant. Neither allegation supports a plausible claim against CCI.

*First*, as to any claim about the November 6, 2020 email she sent her boss concerning her career advancement, Plaintiff has not (and cannot) allege that she applied for any such positon. To state a *prima facie* failure to promote claim, a plaintiff must show, *inter alia*, that she applied for and was qualified for the position in question and that those who were promoted had similar or lesser qualifications. *Pafford v. Herman,* 148 F.3d 658, 669 (7th Cir.1998) (emphasis added). Here, as she has not (and cannot) allege that she applied for the position, she cannot state a claim for not receiving it.

*Second*, Plaintiff fails to allege facts sufficient to state a plausible claim for constructive discharge. The Seventh Circuit has recognized only two types of constructive discharge: "when a plaintiff resigns due to discriminatory working conditions even more egregious than that required

---

[4] In contrast, in her EEOC Charge she alleged discrimination took place only on December 14, 2020, the date she resigned). (Compl. P.8). Plainly, these shifting dates do not plausibly suggest that Plaintiff has a right to relief.

for a hostile work environment claim" and "when an employer acts in a manner that would make clear to a reasonable employee that she will be immediately fired if she does not resign." *See Fields v. Bd. of Educ. of City of Chicago*, 928 F.3d 622, 625–26 (7th Cir. 2019). Here, Plaintiff has not plead either type.

Nowhere in Plaintiff's Complaint does she allege that she was subjected to a hostile work environment due to her gender or race, let alone one sufficiently egregious to support a claim of constructive discharge. The absence of such allegations are fatal to her claim. For example, in *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010), the Seventh Circuit noted that it has found a constructive discharge where there was a threat to the plaintiff's personal safety and when there was the repeated use of a noose and implied threats of physical violence. In Chapin's case, the Court found that the plaintiff "ha[d] not suggested he had suffered any harassment." His allegation of one threat to fire him and some raised voices was insufficient to establish a harassment claim, and thus could not support a constructive discharge claim. *Id.* Here, as in *Chapin*, Plaintiff has not alleged any facts to support a hostile work environment claim that is so egregious to be sufficient to plausibly plead a constructive discharge claim.

Similarly, Plaintiff fails to allege any facts to support the second type of constructive discharge claim (*i.e.*, being told to quit or else). For example, Plaintiff does not (and cannot) allege that she was even being subjected to discipline—which the Seventh Circuit has held would be insufficient anyway. *See Fields*, 928 F.3d at 625 (where the court held that "initiating disciplinary procedures does not necessarily mean that an employer is preparing to fire an employee because the employer could, for example, hope that criticism will lead to better performance by the employee.").

Because Plaintiff fails to make any allegations to support either type of constructive discharge claim, such a claim should be dismissed.

**2.  Incidents Predating November 6, 2020.**

Plaintiff's only specifically identified allegations appear in paragraph 12 of her Complaint, where she claims she failed to receive annual performance evaluations and was given lower merit increases than non-black employees. In her narrative, which is attached as page 9 of her Complaint, she recaps generally her four years of employment, and discusses having to perform more work after a coworker quit (July 2020), being asked to interview a candidate for a position for which she did not apply (September 2020) and that two male coworkers were promoted with commensurate pay raises (in 2018). Above and beyond that these incidents occurred prior to the time she claims she was subjected to discrimination (and/or outside of the limitations period discussed *supra*), none of these three events are sufficient to state a plausible claim against CCI.

To establish a *prima facie* case of discrimination, Plaintiff must establish that (1) she is a member of a protected class, (2) she performed reasonably on the job in accord with her employer's legitimate expectations, (3) despite her reasonable performance, she was subjected to an adverse employment action, and (4) similarly situated employees outside of her protected class were treated more favorably by the employer. *David v. Bd. of Trustees*, 846 F.3d 216, 225 (7th Cir. 2017). As to these three allegations predating November 6, 2020, Plaintiff either fails to allege she suffered any adverse employment action[5] or fails to allege that similarly situated

---

[5] "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Crady v. Liberty Nat. Bank & Tr. Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993).

7

employees outside of her protected class were treated more favorably by CCI.

### a. No Adverse Employment Actions

As to her allegation that she "failed to receive annual performance evaluations," a failure to review is not an adverse employment action. *See Yan v. Bd. of Regents of Univ. of Wis. Sys.*, No. 05-C-16-C, 2005 WL 2206768, at *14 (W.D. Wis. Sept. 12, 2005) ("[P]laintiff alleges that defendant's failure to review her for the tenure track was an adverse employment action. It was not."). *See also Manguiat v. Bd. of Educ. of Prince George's Cty.*, No. GJH-13-1165, 2015 WL 2376008, at *7 (D. Md. May 18, 2015) ("[T]he School Board's failure to provide Manguiat with an annual review at the completion of the 2009–2010 school year was not an adverse action as it had no immediate effect on the terms, conditions, or benefits of her employment."). Indeed, even negative performance reviews alone do not constitute adverse employment action. *See Fields v. Bd. of Educ. of City of Chicago*, 928 F.3d 622, 626 (7th Cir. 2019). Thus, Plaintiff's alleged lack of reviews cannot be actionable where, as here, she does not allege anything suggesting it resulted in a material change to the terms, conditions, or benefits of her employment.

Nor can Plaintiff allege any adverse employment action as to her compensation because she admits receiving annual raises. (Compl. ¶ 13.) Plaintiff's apparent dissatisfaction that she "averaged a merit increase of less than 3%" during her four years of employment does not support any claim of discrimination. S*ee Ativie v. NorthShore Univ. Healthsystem*, No. 15 C 10977, 2017 WL 714113, at *3 (N.D. Ill. Feb. 23, 2017) (finding no adverse employment action where "[t]he undisputed facts show that since September 2005 Ativie received a salary increase every year ranging from between 2.0% and 4.3%").

Plaintiff's narrative also claims that her "workload definitely increased" after two employees left CCI. (Compl. ¶ 13.) Here again, it is not clear whether this is an allegation of

8

discrimination or just a description of the reality of the situation when a coworker resigns. Regardless, an increased workload is not, without more, a materially adverse employment action. *See Lapka v. Chertoff*, 517 F.3d 974, 986 (7th Cir. 2008) (assignment of additional work to plaintiff not materially adverse employment action where plaintiff "was not required to work extra hours, did not suffer any loss of pay and was not disciplined for failing to complete her work."). Like in *Lapka*, Plaintiff has not (and cannot) allege that she was forced to work extra hours, suffered any loss of pay, disciplined for failing to complete any work, or any other adverse employment action.

### b. No Similarly Situated Employees

Plaintiff also fails to plausibly allege the fourth element of her *prima facie* case—*i.e.,* that similarly situated employees outside of her protected class were treated more favorably by Defendant. While Plaintiff alleges that two "non-black males within the HR Department" received higher wage increases than she did, (Compl. ¶ 13), she fails to allege how they were similarly situated to her. On the contrary, the Complaint conclusively establishes they were not. Plaintiff alleges that Matthew Bellinder "began as an HRIS Analyst in 2016"—not a Benefits Analyst like Plaintiff was—and "in 2018 he was promoted to Advance HRIS Analyst with a 11.67% increase as of December 14, 2020 he has received an additional 7.83% in merit increases." (Compl. ¶ 13.) Plaintiff further alleges that, "Another employee Michael Rumps began employment as Analytics Analyst in 2015 making 60-65K, also was promoted in 2018 to and Advanced Analytics Analyst, as of December 14, 2020 Michael Rumps is now a Manager of Analytics earning a salary of $97K." (*Id*.) These employees cannot be comparable because they had different jobs, the duties of which Plaintiff does not provide.

9

Similarly, Plaintiff admits that Rumps and Bellinder's salary increases were in connection with promotions. To "be similarly situated to another employee, [plaintiff] *must show that the employee is directly comparable in all material respects*…." *Moore v. CN Transportation Ltd.*, No. 17-CV-6188, 2019 WL 7290727, at *11 (N.D. Ill. Dec. 30, 2019) (internal citations omitted) (emphasis added). Here, Plaintiff alleges only that "[b]oth employees are white males working under the same Human Resource Department managed by Ryan Stewart who has to approve all increases and promotions." (Compl. ¶ 13.) Being in the same overall department alone is not a sufficient allegation that these individuals were similarly situated under the most lenient pleading standard, particularly when Plaintiff concedes their raises were provided in connection with promotions rather than just an annual merit increase.[6]

In short, the Complaint does not satisfy "the underlying concern of *Iqbal*—that the doors to expensive and time-consuming discovery not be unlocked absent well-supported factual allegations." *Margie's Brand, Inc. v. Safeway, Inc*., No. 12 CV 7918, 2013 WL 4047644, at *2 (N.D. Ill. Aug. 9, 2013).

## CONCLUSION

For all the reasons stated herein, Defendant respectfully requests that this Court dismiss the Complaint with prejudice.

Henry Crown and Company S LLC


/s/   David N. Michael
      One of their attorneys

---

[6] Again here, Plaintiff does not assert a failure to promote claim in that she does not (and cannot) allege that she applied for the "Advance HRIS Analyst," "Advanced Analytics Analyst," or "Manager of Analytics" positions, let alone that she was qualified for them and yet rejected.

GOULD & RATNER LLP
David N. Michael (Attorney # 6216553)
Mark D. Brookstein (Attorney # 6274623)
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 236-3003
dmichael@gouldratner.com
mbrookstein@gouldratner.com

**CERTIFICATE OF SERVICE**

I, Mark D. Brookstein, an attorney, hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT was served upon the person below by filing same via CM/ECF, which will deliver notice to all parties of record, via email address below and by first class mail to the mailing address below on August 27, 2021.

    Nicole C. Carter
    811 N 9th Ave
    Maywood, IL 60453
    ncarter80@icloud.com

                                                                    /s/ David N. Michael

4835-3196-6455, v. 4