IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-03802 |
| | ) | |
| CC INDUSTRIES, INC., RYAN STEWART, | ) | Judge Martha M. Pacold |
| ARTHUR FABRRO AND WILLIAM | ) | |
| CROWN, | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Henry Crown and Company S LLC, d/b/a CC Industries (misidentified in the caption as CC Industries, Inc.) (hereinafter "CCI" or the "Defendant"), by its undersigned attorneys, and in further support of its Motion to Dismiss the Complaint ("Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**ARGUMENT**

Despite the Court ordering Plaintiff to respond to CCI's motion to dismiss by September 30, 2021 (Dkt. #14), she has failed to do so. Plaintiff thus concedes that the motion should be granted because a "party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim." *Jones v. Connors*, No. 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sept. 20, 2012) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n.1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss")).

Plaintiff's failure to respond continues her trend of not participating in this litigation. Plaintiff's lack of diligence prompted the Court, after the last status hearing (which Plaintiff did not attend), to warn "that if she fails to attend a second time, *file a response to the motion to dismiss*, or otherwise communicate with the court, the case will be dismissed for failure to prosecute." (Dkt. #18) (emphasis added). Thus, dismissal with prejudice is proper at this juncture for want of prosecution.

Even if Plaintiff had responded, the motion should still be granted on the merits. As discussed in CCI's opening brief, Plaintiff's Title VII claims are time-barred because she filed the Complaint after the 90-day cutoff from receipt of the EEOC's Dismissal and Notice of Rights. *See Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984) (affirming dismissal of plaintiff's Title VII claims filed 91 days after receiving his right-to-sue letter).

In addition, any alleged events that are not barred by the 300-day cutoff of May 28, 2020, *Hirlston v. Costco Wholesale Corp.*, No. 117CV04699TWPMPB, 2020 WL 6047913, at *4 (S.D. Ind. Oct. 13, 2020), do not give rise to a "plausible" claim of discrimination under *Twombly* and *Iqbal. See Narvaez v. Wilmers*, No. 14-CV-10388, 2015 WL 1396477, at *3 (N.D. Ill. Mar. 24, 2015) (dismissing *pro se* complaint). The thrust of Plaintiff's Complaint—supposed lack of career development—is belied by the fact that CCI paid for her to obtain *two* undergraduate degrees. (Compl. ¶ 13.) Regardless, "[a]ny lack of mentoring or supervision simply does not rise to the level of an adverse employment action, as she cannot establish the absence had any effect on her employment situation." *Gray v. Arkansas Dep't of Hum. Servs.*, No. 4:04CV00490 GH, 2007 WL 1020535, at *8 (E.D. Ark. Mar. 30, 2007), *aff'd*, 285 F. App'x 306 (8th Cir. 2008). Indeed, Plaintiff admits that she received annual merit-pay increases, which cannot establish adverse employment action. S*ee Ativie v. NorthShore Univ. Healthsystem*, No. 15 C 10977, 2017

WL 714113, at *3 (N.D. Ill. Feb. 23, 2017). Likewise, any lack of a performance review is not an adverse employment action. *See Yan v. Bd. of Regents of Univ. of Wis. Sys.*, No. 05-C-16-C, 2005 WL 2206768, at *14 (W.D. Wis. Sept. 12, 2005).

Nor can Plaintiff establish any failure to promote claim because she never applied for any open position. *See Pafford v. Herman,* 148 F.3d 658, 669 (7th Cir.1998). Also of no legal significance is any pay discrepancy between Plaintiff and two white males in her general department since Plaintiff has not (and cannot) allege that they were "directly comparable in all material respects." *Moore v. CN Transportation Ltd.*, No. 17-CV-6188, 2019 WL 7290727, at *11 (N.D. Ill. Dec. 30, 2019).

The most Plaintiff alleges is that her workload increased after two employees left, but a mere increase in workload does not constitute a materially adverse employment action either. *See Lapka v. Chertoff*, 517 F.3d 974, 986 (7th Cir. 2008). Given that Plaintiff never experienced *any* "materially adverse change" to the terms, conditions, or benefits of her employment, *Crady v. Liberty Nat. Bank & Tr. Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993), none of the facts alleged remotely rise to the extreme circumstances necessary to support her constructive discharge claim. *See Fields v. Bd. of Educ. of City of Chicago*, 928 F.3d 622, 625–26 (7th Cir. 2019); *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010).

Consequently, any amendment to the Complaint would be futile, and dismissal with prejudice is warranted. Simply stated, "in the words of Gertrude Stein, 'there is no there there.'" *Garcia v. Potter*, No. 08 C 3366, 2010 WL 1416211, at *8 (N.D. Ill. Apr. 1, 2010), *aff'd sub nom. Garcia v. U.S. Postal Serv.*, 414 F. App'x 855 (7th Cir. 2011) (finding that plaintiff "has not bothered to present a prima facie case" of discrimination) (citation omitted).

3

## CONCLUSION

For all these reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss the Complaint with prejudice.

                                          Henry Crown and Company S LLC

                                          /s/   David N. Michael
                                              One of their attorneys

GOULD & RATNER LLP
David N. Michael (Attorney # 6216553)
Mark D. Brookstein (Attorney # 6274623)
222 North LaSalle Street, Suite 300
Chicago, Illinois  60601
(312) 236-3003
dmichael@gouldratner.com
mbrookstein@gouldratner.com

**CERTIFICATE OF SERVICE**

I, Mark D. Brookstein, an attorney, hereby certify that a copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT was served upon the person below by filing same via CM/ECF, which will deliver notice to all parties of record, via email address below and by first class mail to the mailing address below on October 6, 2021.

>Nicole C. Carter
>811 N 9th Ave
>Maywood, IL 60453
>ncarter80@icloud.com

/s/ Mark D. Brookstein